**Sami Louise BOYD, Appellee,**

v.

**Mark Kimler BOYD, Appellant.**

**No. 80968.**

Court of Appeals of Oklahoma, Division No. 3.

Dec. 21, 1993.

M. Jean Holmes and Michael James King, Winters, King & Associates, Tulsa, for appellant.

David W. Phillips, Sand Springs, for appellee.

## OPINION

GARRETT, Judge:

Mark Kilmer Boyd (Mark) and Sami Louise Boyd (Sami) were divorced in 1989. They had one pre-school age child. The agreement of the parties for joint custody was approved by the Court. After the plan had been in effect for two or three years, Sami filed a motion to modify. Mark filed a cross-motion. Both parties asked the Court to terminate joint custody. Each party asked for full custody. The court denied both motions; and, ordered joint custody continued.

■ Mark contends it was an abuse of discretion to continue joint custody, when both parties moved to terminate it, and there was evidence of a breakdown in cooperation since the child had reached school age. In *Fast v. Fast*, 787 P.2d 1288 (Okl.App.1989), this Court said:

> In this respect we find that a party's opposition to joint custody is in effect the antithesis of the concept of joint custody. To force joint custody on an unwilling parent should give a trial court pause.

> \*   \*   \*   \*   \*   \*

> Ordinarily in any type of custody proceeding, the opinion of the trial judge who saw the witnesses and observed their demeanor while testifying is entitled to great weight. But in a divorce action, a case of equitable cognizance, this Court may weigh the evidence and enter such judgment as the trial court should have rendered.

Here, the record shows that both parties opposed joint custody, and there was an atmosphere of hostility and uncooperative behavior. It was an abuse of discretion to refuse to terminate joint custody where both parents opposed it; and, they are unable to cooperate in continuing the arrangement.

■ Mark also contends it was error for the Court to exclude testimony regarding possible violent propensities of Sami's new husband. The Court sustained an objection to testimony by a witness that the new husband had raped and stalked her. The Court also made reference to the fact that the rape/stalking incident was prosecuted as a rape. An offer of proof was made. There was testimony by the new husband regarding his drinking habits, his use of illegal drugs prior to the marriage, his pulling a gun on his ex-wife within a year prior to trial, and his conviction of assault with a dangerous weapon. A psychologist, called as an expert witness, testified regarding new husband's violent propensities. However, the Court disallowed the rape/stalking testimony because the incident occurred ten years ago, and was too remote in time.

■ A Court has wide discretion in determining whether evidence is lacking in proba-

tive value due to remoteness. *Oklahoma City v. Moore,* 491 P.2d 273 (Okl.1971). However, the rape/stalking evidence did not show an isolated instance of possible violent behavior. There was other evidence before the Court on this subject. The issue to be determined was the child's best interest and the fitness of the family with which the child would live. Evidence of the history and continuing nature of new husband's conduct was relevant to that issue. 12 O.S.1991 § 2609 relates to "attacking the credibility of a witness", and is inapplicable.

Even though the Court has broad discretion in determining the admissibility of evidence and the testimony of witnesses, probative evidence should be admitted and considered by the Court. The excluded evidence should have been admitted and given such weight as the Court determined to be proper.

The joint custody order is vacated. This matter is remanded for further proceedings consistent with this Opinion.

REVERSED AND REMANDED.

HUNTER, P.J., and BAILEY, J., concur.